## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JESSICA BUSH**                                                         **CIVIL ACTION**

**VERSUS**                                                                   **No. 22-2746**

**BROAD MANAGEMENT GROUP, ET AL.**                       **SECTION I**

## <u>ORDER & REASONS</u>

Before the Court is a motion,[1] filed by defendants Broad Management Group and Cristina Perez (collectively, "defendants"), to strike plaintiff Jessica Bush's ("Bush") jury demand. Bush has filed no opposition to the motion.[2] For the reasons below, the Court grants the motion.

## I.    FACTUAL BACKGROUND

Bush alleges that the defendants, from whom she previously rented an apartment, discriminated against her in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, by failing to provide a reasonable accommodation for her emotional support animals.[3] The lease that Bush signed in connection with the apartment contained a "waiver of jury trial" clause, which provides:

> **40. WAIVER OF JURY TRIAL.** To minimize legal expenses and, to the extent allowed by law, you and we agree that a trial of any lawsuit based on statute[,] common law, and/or related to this Lease Contract shall be to a judge and not a jury.[4]

---

[1] R. Doc. No. 35.

[2] The motion was dated for submission to this Court on April 5, 2023. Any opposition was therefore due on March 28, 2023. *See* LR 7.5. As of the date of this order and reasons, no opposition has been filed.

[3] *See generally* R. Doc. No. 1.

[4] R. Doc. No. 35-2, at 6.

Despite this contractual provision, Bush's complaint contains a jury demand.[5] In the instant motion, defendants seek an order from this Court striking that demand.

## II.    LAW & ANALYSIS

"Although the Seventh Amendment guarantees the right to trial by jury, either party to a [lawsuit] may contractually waive that right provided the waiver is both knowing and voluntary." *G & C Constr., LLC v. Kiewit La. Co.*, No. 11–2566, 2012 WL 601887, at *1 (E.D. La. Feb. 23, 2012) (Duval, J.) (citing *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 848 (1986)) (further citations omitted). "To determine whether a party knowingly and voluntarily waived its right to a jury trial, the following factors must be considered: (1) whether the contract was negotiable, (2) the conspicuousness of the provision, (3) the relative bargaining power of the parties, (4) whether the waiving party was represented by counsel, and (5) the business acumen of the party opposing the waiver." *Id.* (citations omitted).

Defendants argue that this analysis weighs in favor of granting their motion. As noted, Bush offers no arguments in opposition. As to the first factor, the Court has been provided with no evidence that the lease was not negotiable. The first factor therefore weighs in favor of defendants' motion.

As to the second factor, the jury waiver provision appears on the sixth page of the eight-page lease, in standard type, with its heading appearing in bolded, capital letters.[6] The jury waiver provision is therefore sufficiently conspicuous. *See, e.g.*,

---

[5] R. Doc. No. 1, at 1.
[6] R. Doc. No. 35-2, at 6.

*Jones v. Tubal-Cain Hydraulic Sols., Inc.*, 2017 WL 3887235, at *3 (S.D. Tex. Sept. 5, 2017) (finding a waiver clause sufficiently conspicuous when it was in capital and bolded lettering). This factor likewise weighs in favor of defendants' motion.

Regarding the third factor, "[t]o invalidate a waiver provision[,] the bargaining differential must be the kind of extreme bargaining disadvantage or gross disparity in bargaining position that occurs only in certain exceptional situations." *G & C Constr.*, 2012 WL 601887, at *2 (cleaned up) (quotation and citation omitted). The Court has been presented with no evidence that such a disparity was present here. The third factor weighs in favor of defendants' motion.

As to the fourth factor, defendants admit that Bush was not represented by counsel when she signed the lease, but argue that this "factor should not carry weight in the negotiation of a residential apartment lease considering the vast majority of all lessees are unrepresented in this type of transaction."[7] Defendants provide no authority for this proposition, and the Court finds it unconvincing. Because Bush was not represented by counsel when she signed the lease, the fourth factor weighs against defendants' motion.

As to the fifth factor, defendants argue that Bush's business acumen "is of no moment considering the plain and conspicuous language of the provision in the [l]ease."[8] The Court agrees that the language of the relevant provision is relatively straightforward and easily understood. Any lack of business acumen on Bush's part

---

[7] R. Doc. No. 35-1, at 4.
[8] *Id.*

therefore does not require invalidation of the jury waiver. *See Evans v. Union Bank of Switzerland*, No. 01-1507, 2003 WL 21277125, at *3 (E.D. La. May 30, 2003) (Engelhardt, J.) (finding this factor to be neutral when the waiver language "was conspicuous and written in language that plainly conveyed—even to an unsophisticated investor reading without the help of an attorney—that the parties . . . were mutually waiving their rights to trial by jury in any dispute between them"). The final factor is therefore neutral.

Because three of the five factors weigh in favor of finding the jury waiver to be knowing and voluntary, the Court will grant defendants' motion.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion is **GRANTED.** Plaintiff's jury demand is **STRICKEN,** and this matter will be tried without a jury.

New Orleans, Louisiana, April 11, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**